UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES F. GRIFFITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-00194-TWP-MJD |
| | ) |
| A. DOWNEY CWM, F. BRANNICK C/O, | ) |
| KEVIN ALLEN Corr. Police Officer, | ) |
| D. HASKINS, FERNELL MCDONALD, | ) |
| STORM Investigator, LT. NICHOLSON Lt., | ) |
| YARBAR Lt., ROB MARSHALL, | ) |
| DEVINE SGT., E. DRADA Sgt., | ) |
| N. LYDAY Sgt., PHILLIPS Sgt., | ) |
| KEVIN HUNTER UTM, | ) |
| SULLIVAN COUNTY PROSECUTOR, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 4] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility and the events that form the basis for this civil action occurred at Wabash Valley Correctional Facility.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

Given the foregoing, the following excessive force claim **shall proceed**. The plaintiff claims that defendants Brannick, Drada, Yarber, Lyday, Haskins, Devine and Phillips used excessive force when the plaintiff was handcuffed and sitting down on the floor refusing to get up or to walk to F cell house while at Wabash Valley Correctional Facility. These defendants allegedly dragged the plaintiff to F cell house. The defendants also carried him down the stairs and once they were outside where no cameras were, body slammed the handcuffed plaintiff, jumped on him and started beating on him. This Eighth Amendment claim shall proceed.

All other claims and defendants including A. Downey, Kevin Allen, Fernell McDonald, Storm, Lt. Nicholson, Rob Marshall, Kevin Hunter, and the Sullivan County Prosecutor are

**dismissed**. The **clerk is directed** to terminate these defendants on the docket. The claims against these defendants are dismissed for the following reasons.

First, there can be no recovery for a failure to protect claim where the plaintiff was not harmed by his placement in segregation and later in F cell house and where there is no claim that he is in continuing danger. Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

Second, the complaint alleges that Offender Worden has been charged with the attempted murder of Offender Ricky Russell. Offender Worden and the plaintiff were cell mates. The plaintiff explains that naming him as a State's witness in the criminal case against Offender Worden was wrong because he has no knowledge of the incident and is not cooperating with the State in the prosecution of Offender Worden. However, the complaint alleges that the plaintiff was listed as a witness because the victim, Offender Russell, reported that the plaintiff was one of the offenders who attacked him. Further investigation proved this allegation to be false. Under these circumstances, it cannot be unconstitutional for the prosecutor to name the plaintiff as a witness and the Department of Correction defendants cannot be liable for how the prosecutor litigated the criminal case. The plaintiff's name appeared on the State's witness list because of statements made by Offender Russell. This factual allegation is insufficient to create liability on the part of the defendants.

Finally, the claim that Nicholson and Marshal tried to cover up the seriousness of the excessive force used on the plaintiff also fails to state a claim. The allegations against these defendants do not suggest a plausible basis for concluding that they caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983); *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006). Merely acting or not acting on the

plaintiff's complaints did not cause the underlying denial of rights the plaintiff alleges. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *Vance v. Rumsfeld*, 701 F.3d 193, 204, 2012 WL 5416500, 10 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability); *George v. Smith,* 507 F.3d 605, 609 ((7th Cir. Cir. 2007)("Only persons who cause or participate in the violations are responsible"; an official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation]").

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through March 15, 2017,** in which to identify those claims.

## IV.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Correctional Officer F. Brannick, (2) Sgt. E. Drada, (3) Lt. Yarber, (4) Sgt. N. Lyday, (5) D. Haskins, (6) Sgt. Devine and (7) Sgt. Phillips in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to update the plaintiff's address on the docket consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 2/23/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES F. GRIFFITH
DOC # 117892
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic Service to Defendant Employees of Wabash Valley Correctional Facility:

(1) Correctional Officer F. Brannick
(2) Sgt. E. Drada
(3) Lt. Yarber
(4) Sgt. N. Lyday
(5) D. Haskins
(6) Sgt. Devine
(7) Sgt. Phillips