UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES F. GRIFFITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-00194-TWP-MJD |
| | ) |
| F. BRANNICK C/O, D. HASKINS, YARBAR Lt., DEVINE SGT., E. DRADA Sgt., N. LYDAY Sgt., PHILLIPS Sgt., | ) ) ) |
| | ) |
| Defendants. | ) |

**Entry Denying Motion to Seal Complaint and Proceed as John Doe**

Plaintiff's Motion to Seal Complaint and for Leave to Litigate as John Doe has been considered. [Dkt. 8] He sought the same relief in his complaint, but the Court denied the request.

Anonymous litigation is highly disfavored. *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). Allowing a party to proceed under a fictitious name requires exceptional circumstances. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

> [T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object. The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts. *See United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam), and cases cited there, and our recent dictum in *K.F.P. v. Dane County*, 110 F.3d 516, 518–19 (7th Cir. 1997). Rule 10(a) of the Federal Rules of Civil Procedure, in providing that the complaint shall give the names of all the parties to the suit . . . instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 and n. 17 (1980); *Gannett Co. v. DePasquale,* 443 U.S. 368, 386 n. 15 (1979). Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.

*Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

Plaintiff's motion seeks this extraordinary relief because he contends that he was improperly called as a state's witness in a criminal case and will therefore be erroneously labeled a "snitch" within the prison system. He further contends that other inmates use legal research databases to find cases such as this and identify informants. Snitches are at danger from other inmates in prison, plaintiff contends, and the Court acknowledges that is a generally accepted fact. However, plaintiff states that he "was disclosed as a state's witness" while he was in the prison system. Dkt. 8, p. 1, ¶ 1. Plaintiff's complaint alleges in one claim that prison officials disclosed his status as a "snitch" to other inmates. Thus, at least in the prison system, plaintiff's "snitch" label is no longer a secret.

Plaintiff further contends that he has sought protection from certain inmates, and that if that fact becomes known to other inmates, he will be at risk. *Id.*, ¶ 2. The Court believes this assertion's speculative nature does not outweigh the very strong presumption against anonymous litigation. *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (a plaintiff should be allowed to proceed anonymously only in exceptional cases, including those involving "real danger or physical harm"). Additionally, as noted in the Entry Directing Further Proceedings, plaintiff commenced this case in his own name and it was docketed in that manner. His identity is already known.

Courts have found that prison personnel who disseminate or permit information labeling an inmate a "snitch" may be liable for deliberate indifference to the inmate's health and safety. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). That is not the question presented by his motion, albeit it is one of the claims in his petition. While the Court is not unsympathetic to plaintiff's concerns, it must be acknowledged that "cases in which plaintiffs allege that they have been placed at risk of harm due to being branded a

'snitch' are routinely litigated by inmates under their own name." *Reimann v*. Hanley, 2016 WL 5792679, unpub. slip op. (N.D. Ill. filed Oct. 4, 2016) (citing *Dale v. Poston*, 548 F.3d 563 (7th Cir. 2008); *Smith v. Buss*, 364 Fed. Appx. 253 (7th Cir. 2010); *Saunders v. Tourville*, 97 Fed. Appx. 648 (7th Cir. 2004)).

Finally, plaintiff's motion also sought to seal the complaint. All documents filed in a lawsuit are presumed to be open to the public. *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public is entitled to "know what the suit is about [and] assess the judges' disposition of it" in order to understand "what the heavy financial subsidy of litigation is producing." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Documents, especially complaints, which "influence or underpin the judicial decision are open to public inspection unless" a party shows good cause for them to remain under seal. *Id.* at 545. Good cause has not been shown under these circumstances.

For these reasons, the plaintiff's motion to seal the records and proceed as John Doe [dkt. 8] is **denied**.

IT IS SO ORDERED.

Date: 3/21/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES F. GRIFFITH
DOC # 117892
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362