UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00194-TWP-MJD |
| | ) | |
| F. BRANNICK C/O, D. HASKINS, | ) | |
| YARBAR Lt., DEVINE SGT., E. DRADA | ) | |
| Sgt., N. LYDAY Sgt., PHILLIPS Sgt., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Defendants' Motion for Summary Judgment
and Denying Plaintiff's Motion to Stay and Motion to Compel**

**I. INTRODUCTION**

This matter is before the Court on the Defendants Motion for Summary Judgment. Dkt. [21]. Plaintiff James Griffith ("Mr. Griffith") an Indiana inmate, brought this action under 42 U.S.C. § 1983 for an incident of excessive force occurring on June 2, 2016, at the Wabash Valley Correctional Facility. Defendants are Indiana Department of Correction officers alleged to have used excessive force on Mr. Griffith. They seek summary judgment because, they contend, Mr. Griffith failed to exhaust his administrative remedies before commencing his lawsuit as the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires. Also pending is Plaintiff's Motion to Stay the Decision on the Pending Motion for Summary Judgment, dkt. [36] and Plaintiff's motion to Compel, dkt. [37]. For reasons stated below, all of the pending motions are **denied**.

**II. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of

its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

### III. PRISON LITIGATION REFORM ACT STANDARDS

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the

2

course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

It is the defendant's burden to establish that the administrative process was available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

"An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

## IV. MR. GRIFFITH'S GRIEVANCE

Within three days of the alleged excessive force, Mr. Griffith started the informal grievance process. Several informal grievances were submitted and rejected for reasons irrelevant to this discussion. The relevant grievance for summary judgment purposes is dated June 24, 2016. Dkt. 26-1, p. 11. In this informal grievance, Mr. Griffith complains about being dragged out of his cell and down stairs, and writes that his minor offense of refusing a housing assignment "did not warrant the use of physical force." *Id.*

A notation in the form section titled "Explanation and how resolved. If not resolved explain why not," reads, "I have reviewed your complaint. This incident was turned over to the Office of

3

Investigations and Intelligence for investigation." It is signed "Lt. C. Nicholson" and dated July 1, 2016. Dkt. 26-1, p. 11.

## V. DEFENDANTS' CONTENTIONS

Defendants seek summary judgment because, they contend, Mr. Griffith failed to exhaust his administrative remedies as required by the PLRA. They provide evidence that Mr. Griffith never completed the grievance process with the filing of a formal grievance and then completing the two appellate steps. Dkt. 21.

## VI. DISCUSSION

The PLRA requires exhaustion of administrative remedies that are *available* to a prisoner. The question presented here is whether there were additional administrative remedies after Lt. Nicholson informed Mr. Griffith that he had referred his complaint to the Office of Investigations and Intelligence for investigation. The grievance did not, and could not, seek monetary damages. The informal grievance was to put prison officials on notice of the excessive force complaint and allow officials an opportunity to correct the problem. It appears they did exactly that. Mr. Griffith's informal grievance was not denied or refuted. It was, in effect, granted because it was referred to a Department of Correction office for investigation.

Defendants have the burden of showing that Mr. Griffith had available administrative remedies and that he failed to follow them, but they do not explain where in the administrative grievance procedures an inmate is instructed on what to do following a successful grievance at the informal grievance level. The Court finds no description in the grievance procedures of an appellate process following a successful grievance. Dkt. 21-2 (IDOC Policy and Administrative Procedure 00-02-301).

In *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005), the Seventh Circuit held that "the . . . notion that [a prisoner] should have appealed to higher channels after receiving the relief he requested in his grievances is not only counter-intuitive, but it is not required by the PLRA." While Mr. Griffith's did not request a specific remedy, as noted he could not have requested money, so asking officials to take the complaint seriously and investigate it further is all that he could have sought. That is what he received. His grievance was successful.

Mr. Griffith exhausted the remedies available to him. *Ross*, 136 S. Ct. at 1858. Accordingly, defendants have failed to meet their burden for summary judgment and their motion, dkt. [21], is **denied**.

## VII. RULE 56(f) NOTICE AND FURTHER PROCEEDINGS

The record before the Court shows that Mr. Griffith is entitled to summary judgment on defendants' affirmative defense of exhaustion. Therefore, pursuant to *Fed. R. Civ. P.* 56(f)(1), the Court gives defendants notice of its intent to grant summary judgment in plaintiff's favor on this issue. Defendants shall have **through December 26, 2018**, in which to respond to the Court's proposal. Mr. Griffith shall have fourteen (14) days from being served with any response in which to reply. Alternatively, defendants may withdraw their affirmative defense by this date.

## VIII. CONCLUSION

For the reasons stated above, Defendants Motion for Summary Judgment, dkt. [21] is **DENIED**. Pursuant to *Fed. R. Civ. P.* 56(f)(1), Defendants shall have **through December 26, 2018**, in which to respond to the Court's proposal regarding summary judgment and Mr. Griffith will have fourteen days to reply to any response. Mr. Griffith's Motion to Stay the Decision on the Pending Motion for Summary Judgment, dkt. [36], is in light of this Entry **DENIED** as moot. Mr. Griffith's Motion to Compel, dkt. [37], is **DENIED** because discovery on non-exhaustion issues

was stayed pending the Court's resolution of the exhaustion issue. Once the exhaustion issue is fully resolved, a pretrial schedule will issue and the parties may commence discovery.

**IT IS SO ORDERED**.

Date: 12/4/2017

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

James F. Griffith, #117892
New Castle - CF
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road