UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00194-TWP-MJD |
| | ) | |
| F. BRANNICK, | ) | |
| D. HASKINS, | ) | |
| YARBAR, | ) | |
| DEVINE, | ) | |
| E. DRADA, | ) | |
| N. LYDAY, | ) | |
| PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S VERIFIED SECOND MOTION
TO COMPEL DISCOVERY**

This matter is before the Court on Plaintiff's *Verified Second Motion to Compel Discovery.* [Dkt. 71.] For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I. Background**

In this action, Plaintiff, a prisoner incarcerated at New Castle Correctional Facility, brings excessive use of force claims against correctional officer Defendants that he asserts occurred while he was housed at Wabash Valley Correctional Facility. [Dkt. 5 at 1.] Plaintiff alleges Defendants dragged him to F cell house and carried him down the stairs out of the view of cameras. [Dkt. 5 at 2.] While Plaintiff was handcuffed, he contends Defendants body slammed, jumped on, and began beating him. [Dkt. 5 at 2.]

1

On August 3, 2018 the Plaintiff filed a *Verified Second Motion to Compel Discovery*. [*See* Dkt. 71.]  In relevant part, the Plaintiff's motion asks the Court to compel "defendants Phillips, Haskins, Drada, Yarber, Lyday, and Devine to provide full and complete responses to Interrogatories No.'s 4-6 from Plaintiff's First Request for Interrogatories."  [Dkt. 71 at 1.] Defendants responded to Interrogatories No.'s 4-6 from Plaintiff's First Request for Interrogatories for Phillips, Haskins, Drada, Yarber, Lyday, and Devine between May 4, 2018 and June 19, 2018 [See Dkt. 78-1.]  Defendants filed these interrogatory responses with the Court on August 31, 2018, pursuant to an *Order to File Discovery Responses* issued on August 30, 2018.  [Dkt. 78 and Dkt. 77.]

Defendants Phillips, Haskins, Drada, Yarber, Lyday, and Devine all objected to Interrogatories No.'s 4-6 stating the information requested by the Plaintiff was "irrelevant to the issues in the complaint."  [Dkt. 78-1.]  Plaintiff corresponded with Defendants' counsel informally to attempt to resolve the discovery dispute prior to filing his motion [Dkt. 71 at 2 and Dkt. 71-1.]  Defendants did not file a response in opposition to Plaintiff's *Verified Second Motion to Compel Discovery*; yet, in their notice of filing the answers to Plaintiff's interrogatories as directed by the Court [Dkt. 77], stated the "matters in interrogatory 4 are moot as the court already ordered and the defendants produced all disciplinary documents from their personnel files . . . [and] the matters in interrogatories 5 and 6 are inadmissible under Evidence Rule 404(b), if they exist."  [*See generally* Dkt. and Dkt. 78 at 1.]  Plaintiff maintains that his request of the information sought in Interrogatories No.'s 4-6 is relevant as it pertains to his claims of excessive force.  [Dkt. 71.]

## II. Legal Standard

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(4) (2018). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors, Corp.,* 2006 WL 2325506 at *6 (N.D. Ill. 2006) (internal citations omitted).

Under Federal Rule of Civil Procedure 26(b)(1), generally "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly and encompasses "any matter that bears on, or reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (internal citations omitted). Relevant information does not need to be "admissible to be discoverable." Fed. R. Civ. P. 26(b)(1). The Court addresses the discovery requests in turn.

## III. Discussion

Defendants objected to all three interrogatories on the basis of relevance. [Dkt. 78-1.] The burden of showing relevance rests with the Plaintiff. *See Kodish*, 235 F.R.D. at 449-50. "A document filed *pro se* is 'to be liberally construed' and 'a pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court may infer Plaintiff's general statements of the relevance of Interrogatories No.'s 4-6 suffice to be meet this liberal standard.

> **Interrogatory No. 4:** Have any of the Defendants ever been disciplined for any action they have taken while in the performance of their duties at [Wabash Valley Correctional Facility] WVCF? What actions occurred and what disciplinary actions were taken?

[Dkt. 71 at 1.]

In the Court's previous *Order on Plaintiff's Motion to Compel* [Dkt. 68], the Plaintiff's request for Defendants' personnel files was granted. The Court reiterates that, "It is well established that, in § 1983 cases involving allegations of police misconduct, personnel files of the defendant officers are discoverable, as they may lead to evidence admissible under Federal Rule of Evidence 404(b)." *Clark v. Ruck*, No. 13-cv-03747, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014) (citing cases). Likewise, Defendants' answers to Plaintiff's Interrogatory No. 4 regarding disciplinary actions during the course of their employment duties at Wabash Valley Correctional Facility are relevant. Defendants failed to file a response in opposition to Plaintiff's motion, thereby waiving any arguments in response to Plaintiff's motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (A party "waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (Party's claim was waived when he "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss . . . ."); S.D. Ind.

L.R. 7-1(c)(5) (2018) ("The court may summarily rule on a motion if an opposing party does not file a response within a deadline.").  Only now do Defendants belatedly claim the request is moot based on the Court's previous order and state all documents from Defendants' personnel files have been produced.  [Dkt. 78 at 1.]  The mere production of personnel files does not in and of itself answer the Plaintiff's Interrogatory No. 4.[1]  The Court additionally finds Defendants' mootness argument invalid, as the production of the personnel files does not provide a proper answer to Plaintiff's Interrogatory No. 4 under compliance with Federal Rule of Civil Procedure 33(d), as Defendants have not "specif[ied] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

Fed. R. Civ. P. 33(d)(1).

> **Interrogatory No. 5:** Have any of the Defendants ever been convicted, arrested, or accused of a crime?  If so, please give complete details of the incident(s).
>
> **Interrogatory No. 6:** Have any of the Defendants, in their previous employment, been disciplined, terminated, or investigated for misconduct?  If so, provide the details of the incident, including what employer, the act in question, the result of the review of that action.

[Dkt. 71 at 1.]

Plaintiff states "intent is at the center of Plaintiff's Eighth Amendment and punitive damage claims in this case, and evidence of prior bad acts may be use to prove intent."  [Dkt. 71 at 1-2.]  Plaintiff asserts Interrogatories No.'s 4-6 could illustrate intent and "may be used to

---

[1] For example, not all forms or incidents of disciplinary action during the course of one's employment may appear in an employee's personnel file.  Production of a personnel file alone would only serve to answer an interrogatory asking if a personnel file exists; it is not a complete and unequivocal response regarding the substantive content of the personnel file or disciplinary action that may not have been included or has been removed from the personnel file.

prove lack of accident or mistake," as it applies to use of excessive force in his claim. [Dkt. 71 at 1-2.] To establish excessive use of force claims, "the plaintiff in such a case 'must establish that prison officials acted wantonly'" or "maliciously and sadistically for the very purpose of causing harm." Richman v. Sheahan, 512 F.3d 876, 881 (7th Cir. 2008); Hill v. Shelander, 992 F.2d 714, 718 (7th Cir. 1993). Plaintiff also asserts answers to Interrogatories No. 5 and 6, regarding Defendants' history of criminal or employment based misconduct, may lead to impeachment information relevant to his case and may be relevant in assessing Defendants' credibility. [Dkt. 71 at 2.] As relevance is construed broadly, the Court finds prior criminal or employment misconduct information is relevant, or may lead to relevant or impeachment information, regarding Plaintiff's excessive force claim. Moreover, it is clear that information regarding disciplinary actions pursuant to Defendants' employment at Wabash Valley Correctional Facility is relevant; therefore, it would follow that Plaintiff's request for information surrounding discipline, termination, or investigation within Defendants' previous employment positions is also relevant.

Again, Defendants failed to file a response in opposition to Plaintiff's motion to illustrate why Interrogatories No.'s 5 and 6 are improper, thereby waiving any argument. Defendants again belatedly claim the requests are barred by Evidence Rule 404(b). [Dkt. 78 at 1.] Discovery of information, under Federal Rule of Civil Procedure 26(b), is not determinative upon the question of admissibility of evidence; that which is inadmissible, is still discoverable "unless otherwise limited" by the Court. Fed. R. Civ. P 26(b)(1). Defendants' untimely objection is unfounded.

## IV. Conclusion

Based on the foregoing, Plaintiff's *Verified Second Motion to Compel Discovery* is

**GRANTED**.  Defendants Phillips, Haskins, Drada, Yarber, Lyday, and Devine are **ORDERED**

to provide complete and unequivocal responses to **Plaintiff's First Request for Interrogatories**

**No.'s 4-6**, on or before **October 2, 2018**.


Dated:  20 SEP 2018

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

JAMES F. GRIFFITH
117892
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Christine Potter Wolfe
INDIANA ATTORNEY GENERAL
christine.wolfe@atg.in.gov