UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES F. GRIFFITH,                      )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )        No. 1:17-cv-00194-TWP-MJD
                                        )
F. BRANNICK,                            )
D. HASKINS,                             )
YARBAR,                                 )
DEVINE,                                 )
E. DRADA,                               )
N. LYDAY,                               )
PHILLIPS,                               )
                                        )
                    Defendants.         )


**ORDER ON DEFENDANTS' MOTION TO RECONSIDER
ORDER AT DOCKET NO. 104**

This matter is before the Court on *Defendants' Motion to Reconsider Order at Docket No. 104*. [Dkt. 110.] On January 17, 2019, the Court issued its Order on two motions: 1) Plaintiff's *Verified Fourth Motion to Compel Discovery* [Dkt. 87] and 2) Plaintiff's *Verified Fifth Motion to Compel Discovery* [Dkt. 93], granting in part and denying in part Plaintiff's motions. For the reasons set forth below, the Court now **DENIES** Defendants' *Motion to Reconsider*.

**I. Background**

In this action, Plaintiff, a prisoner incarcerated at New Castle Correctional Facility, brings excessive use of force claims against correctional officer Defendants that he asserts occurred while he was housed at Wabash Valley Correctional Facility [Dkt. 5 at 1.] Plaintiff alleges that, on June 2, 2016, Defendants dragged him to F cell house and carried him down the stairs out of the view of cameras. [Dkt. 5 at 2.] While Plaintiff was handcuffed, he contends

1

Defendants body slammed, jumped on, and began beating him.  [Dkt. 5 at 2.]  In relevant part of Plaintiff's *Verified Fourth and Fifth Motions to Compel*, the Court granted the following discovery requests in its January 17, 2019 Order:

> 1). Plaintiff's motion to compel with regard to **Plaintiff's Request for Documents No. 2** as it pertains to additional pages 8-9 and Appendix I is **GRANTED.** Defendants shall provide Plaintiff with an unredacted copy of the "Use of Force Continuum Step Definitions" from pages 8 and 9 of the Use of Physical Force Policy and Attachment I, the Adult Facility Use of Force Continuum Scale.

> 2). Plaintiff's *Verified Fourth Motion* is **GRANTED IN PART** as to **Plaintiff's Interrogatory No. 11 to the limited extent** that the Court directs Defendants to identify what inmate grievances, if any, were filed against them complaining of the use of physical force and detailing the alleged nature of that force between June 2, 2014 and June 2, 2017.  Confidential or sensitive security information may be redacted. Contemporaneous with the production of these responses to Plaintiff, Defendants are ordered to provide copies of both the redacted and the unredacted grievance records in an *ex-parte* filing for *in camera* review.

> 3). The Court **GRANTS IN PART Plaintiff's Request for Production No. 2 to the limited extent** that the Court directs Defendants to produce any use of force reports they participated in creating in response to an inmate grievance or where medical care was provided to an inmate as a result of the interaction between June 2, 2014 and June 2, 2017.  Confidential or sensitive security information may be redacted.  Contemporaneous with the production of these redacted documents to Plaintiff, Defendants are ordered to provide copies of both the redacted and unredacted use of force reports in an *ex-parte* filing for *in camera* review.

[*See* Dkt. 104.]

Defendants timely filed their *Motion to Reconsider* on January 30, 2019, urging the Court to "reconsider and to vacate orders to provide the plaintiff with [1] an unredacted version of the use of force continuum and definitions and [2] grievance and [3] use of force reports."  [Dkt. 110 at 1.]  Defendants' motion argued "[r]eleasing the continuum is a serious security breach and providing the grievances and use of force reports is an undue burden."  [Dkt. 110 at 1.]

## II. Legal Standard

Motions to reconsider serve a limited function, to be used, "where 'the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d at 324. A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

This is a difficult standard to meet: "Motions to reconsider are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009) (citation omitted). It is accordingly "inappropriate to argue matters that could have been raised in prior motions" or to "rehash previously rejected arguments[.]" *United States v. Zabka*, No. 1:10-CV-1078, 2013 WL 9564253, at *2 (C.D.Ill. Aug. 19, 2013); *accord, e.g., Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1267, 1270 (7th Cir. 1996) ("Again we emphasize, apart from manifest errors of law, reconsideration is not for rehashing previously rejected arguments."); *id.* ("[A] motion to reconsider is not the appropriate vehicle to introduce new legal theories[.]"). This Court ultimately has "broad discretion" in deciding whether to grant a motion for reconsideration, *Solis*, 557 F.3d at 780, and for the reasons that follow, the Magistrate Judge exercises that discretion to deny Defendants' motion.

## III. Discussion

### A. Use of Force Continuum

Defendants asked the Court to reconsider its determination that Defendants disclose unredacted copies of the State of Indiana, Indiana Department of Correction, The Use of Physical Force Policy and Administrative Procedures Manual, pages 8 and 9 and Attachment I, Use of Force Continuum Scale. [Dkt. 110.] Defendants' motion argued redaction of the manual was necessary to protect "sensitive security information." [Dkt. 110 at 1.] Further, in an attempt to clarify Defendant's *Response* to Plaintiff's motion to compel, Defendants stated turning over such polices and procedures "is like giving the enemy battle plans," and the *Response's* previous reference to Muhammad Ali and George Foreman's Rumble in the Jungle boxing match was "to show the court that you don't give the other side your plans . . . when the other side is violent . . . ." [Dkt. 91 at 1-2; Dkt. 110 at 2.] Defendants again state the dangerousness and safety risks of prison environments, the Department of Correction "security interest" in protecting use of force policy details, and that such state procedure "doesn't even measure in anyway the constitutional right at issue." [Dkt. 110 at 3.] The Court previously rejected these now "rehashed" arguments in its January 17, 2019 *Order on Plaintiff's Verified Fourth and Fifth Motions to Compel Discovery*. [Dkt. 104 at 6-8.]

Though Defendants point to the number of incarcerated maximum-security adult males, statistics regarding the most prevalent type and level of felonies, specific reference to Plaintiff's terms of incarceration, and the deferential practice courts must afford "correctional professionals in the adoption and execution of polices for the operation of a penal institution[,]" [Dkt. 110 at 3] the Court finds no new arguments which warrant reconsideration. Rather, the Court finds such

additional information submitted by Defendants surmounts to unused information, presumably available at the time of opposition to Plaintiff's motions to compel, that could have been argued in previous proceedings.

Plaintiff's *Response in Opposition*, filed on February 11, 2019, argued that Plaintiff's requests for unredacted pages 8 and 9 of the Use of Force Continuum Step Definitions and Attachment I, the Adult Facility Use of Force Continuum Scale "seek[ ] only what the Defendants have themselves cited to (in their interrogatory responses) . . . ." [Dkt. 113 at 3.] The Court agrees. Defendants Brannick, Haskins, Yarbar, Devine, Drada, Lyday, and Phillips all reference the policy manual in question, citing "02-01-109 The Use of Physical Force" as "[p]olicies and [p]rocedures . . . governing the use or application of mechanical restraints" in their individual responses to Plaintiff's Propounded Interrogatory No. 1. [Dkt. 87-1 at 1; Dkt. 87-2 at 1; Dkt. 87-3 at 1; Dkt. 87-4 at 1; Dkt. 87-5 at 1; Dkt. 87-6 at 1; Dkt. 87-7 at 1.] More specifically, Defendants Lyday, Haskins, Drada, and Brannick answer Plaintiff's Propounded Interrogatory No. 7, inquiring about IDOC policy when forcibly removing an offender from a cell, with a reference to the Use of Force Continuum. [Dkt. 87-2 at 2; Dkt. 87-4 at 2; Dkt. 87-5 at 2; Dkt. 87-7 at 3.] These four Defendants' answers state the following:

> Offenders can be forcefully removed from their cell if they refuse a bed assignment and the **Use of Force Continuum is followed.**

> Yes, **IDOC The use of physical force (02-01-109), physical force continuum** policy . . . .

> The use of physical force can be utilized if an offender refuses a bed assignment as long as staff **follows the Use of Force Continuum.**

[Dkt. 87-2 at 2; Dkt. 87-4 at 2; Dkt. 87-5 at 2; Dkt. 87-7 at 3.] (emphasis added).

Defendants have put the Use of Force Continuum directly at "issue" in this case, by their own hand, in their responses to Plaintiff's interrogatories. Now, Defendants use sleight of hand

to claim the step definitions and continuum scale are confidential and pose security risks to sensitive information. "The Federal Rules of Civil Procedure permit liberal discovery to make 'trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Flomo et al. v. Bridgestone Americas Holding, Inc.*, *et al.*, No. 1:06-cv-00627-DFH-JMS, 2009 WL 10688034, at *2 (S.D. Ind. June 16, 2009) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). As the direct result of Defendants' interrogatory responses, the Court has determined that the Use of Force Continuum is relevant to Plaintiff's claims. [Dkt. 72 at 5.] Defendants may not offer the Use of Force Continuum as a "sword" to justify their conduct, and then use alleged sensitivity concerns as a "shield" to preclude Plaintiff's access to the very policy Defendants claim to have relied upon. "[S]word-and-shield litigation tactics are anathema to the Federal Rules' discovery provisions." *Id.; Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 207 (N.D. Ind. 1990) (selective disclosure is akin to "truth garbling"); *see, e.g., Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, No. 17 C 1973, 2018 WL 1804350, at *2, *5 (N.D. Ill. Apr. 17, 2018) ("[C]ourts have consistently refused to allow a party to use . . . privilege simultaneously as in an affirmative and defensive fashion . . . . To be sure, a litigant cannot hide behind the privilege if he is relying upon privileged communications to make his case.").

The Court reiterates from its January 17, 2019 Order, the Magistrate Judge personally "reviewed these documents regarding the Use of Physical Force Policy and finds Defendants' concerns are outweighed by the Plaintiff's need for the information present on pages 8-9 and in Appendix I." [Dkt. 104 at 8.] Therefore, the motion to reconsider the Court's ruling with regard to Plaintiff's Request for Production No. 2, the Use of Force Continuum is **DENIED**.

## B.  <u>Inmate Grievances & Use of Force Reports</u>

Defendants' motion also argues the Court's January 17, 2019 Order requiring Defendants' to answer Plaintiff's Propounded Interrogatory No. 11, by identifying what inmate grievances, if any, were filed against them implicating use of physical force and providing the details of such occurrences between June 2, 2014 and June 2, 2017, is "unduly burdensome and should be vacated."  [Dkt. 110 at 5.]  Defendants extend the same arguments to the Court's Order compelling Defendants to comply with Plaintiff's Request for Production No. 2 through production of the use of force reports created in response to inmate grievances or inmate provided medical care surrounding use of force for the outlined three year period.  [Dkt. 110 at 4-5.]  Defendants stated grievances "are not filed by staff name," are often "handwritten and not all are legible," have incorrect or missing details, and some "are not tracked."  [Dkt. 110 at 5.]  Further, Defendants asserted 1,566 grievances[1] exist for the time period specified at Wabash Valley Correctional Facility and such amount makes "discovery disproportionate to the needs of the case, considering the issues at stake, and the burden and expense of the discovery far outweigh its likely benefit."  [Dkt. 110 at 5.]

Plaintiff's *Response* and applicable exhibits of his own filed grievance examples state that "grievances are given receipts, which reflect a subject title of the grievance. And grievance responses bear a 'topic' title of what the grievance is about."  [Dkt. 113 at 3; Dkt. 113-1; Dkt. 113-2; Dkt. 113-3; Dkt. 113-4; Dkt. 113-5; Dkt. 113-6; Dkt. 113-7; Dkt. 113-8.]  Defendants contended in their *Reply*, some grievances may not be categorized while others may have multiple issues present to fall under a number of topical categories.  [Dkt. 120 at 2-3.]

---

[1] The Court notes Defendants' motion presents the total number of inmate grievances for the outlined time period for the first time in the proceedings. It is not persuaded this grievance total meets the standard for reconsideration of the Court's prior Order.

The Court is not persuaded to reconsider its previous Order. Pursuant to Federal Rule of Civil Procedure 34(a)(1)(A):

> (a) In General.  A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test or **sample** the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form[.]

Fed. R. Civ. P. 34(a)(1)(A) (emphasis added).  The Plaintiff must be allowed the opportunity to examined the requested grievance and use of force reports as a sample to investigate his excessive force claim.

The Court previously considered Defendants' unduly burdensome and proportionality arguments, now "rehashed" and applied to the narrowed grievance and use of force reports granted by the Court.  [Dkt. 104 at 11-12, 15-16.]  The Court weighed Plaintiff's Propounded Interrogatory No. 11 request, which originally sought all incidents of physical force Defendants used, and limited the scope of the discovery request to three years.  [Dkt. 104 at 11-12.] Likewise, the Court weighed Plaintiff's Request for Production No. 2, which originally sought all use of force reports for the last eight years, and limited the scope of the discovery to those reports made in response to an inmate grievance or inmate provided medical care as a result of an interaction involving force over the three year period.  [Dkt. 104 at 15-16.]

"[T]he scope of discovery should be broad in order to aid in the search for truth.  Courts commonly look unfavorably upon significant restrictions placed upon the discovery process." *Boyer v. Gildea*, No. 1:05-CV-129, 2008 WL 4911267, at *4 (N.D. Ind. Nov. 13, 2008) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).  Defendants'

arguments citing sheer volume of grievances, that grievance and use of force reports may be improperly or incompletely filed or tracked, the ample time necessary for counsel to review such documentation, and the expense of such review, do not illustrate an undue burden. Rather, "[t]he mere fact that [a party] will be required to expend a considerable amount of time, effort, or expense in answering the [discovery requests] is not a sufficient reason to preclude discovery." *Id.* at *5 (quoting *Schaap v. Exec. Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990).

Therefore, the motion to reconsider the Court's ruling with regard to Plaintiff's Propounded Interrogatory No. 11 and Request for Production No. 2, regarding inmate grievances and use of force reports is **DENIED**.

## IV. Conclusion

For the foregoing reasons, Defendants' *Motion to Reconsider* is **DENIED.** Defendants are ordered to comply with the Court's January 17, 2019 *Order on Plaintiff's Verified Fourth and Fifth Motions to Compel Discovery* by producing the following **by no later than March 11, 2019**:

1. **Plaintiff's Request for Documents No. 2: Use of Force Continuum**

   Defendants shall provide Plaintiff with a copy of the "Use of Force Continuum Step Definitions" from pages 8 and 9 of the Use of Physical Force Policy and Attachment I, the Adult Facility Use of Force Continuum Scale, **by March 11, 2019.**

2. **Plaintiff's Interrogatory No. 11: Inmate Grievances**

   The Court directs Defendants to state in their response to Interrogatory No. 11 the following:

   > What inmate grievances, if any, were filed against Defendants complaining of the use of physical force between June 2, 2014 and June 2, 2017, redacting the confidential, sensitive security information.

   Contemporaneous with the production of these responses to Plaintiff, Defendants are ordered to provide copies of both the redacted and the unredacted grievance records in an *ex-parte* filing for *in camera* review, **by March 11, 2019**

3. **Plaintiff's Request for Production No. 2: Use of Force Reports**

The Court directs Defendants to produce use of force reports, if any, they participated in creating in response to a grievance or where medical care was provided to an inmate as a result of the interaction between June 2, 2014 and June 2, 2017. Confidential or sensitive security information may be redacted.

Contemporaneous with the production of these redacted documents to Plaintiff, Defendants are ordered to provide copies of both the redacted and the unredacted grievance records in an *ex-parte* filing for *in camera* review, **by March 11, 2019**

SO ORDERED.

Dated:  28 FEB 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES F. GRIFFITH
117892
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov