UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00194-TWP-MJD |
| | ) | |
| F. BRANNICK, | ) | |
| D. HASKINS, | ) | |
| YARBAR, | ) | |
| DEVINE, | ) | |
| E. DRADA, | ) | |
| N. LYDAY, | ) | |
| PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S VERFIED MOTION TO
RECONSIDER PARTS OF ORDER AT DOCKET NO. 104**

This matter is before the Court on Plaintiff's *Verified Motion to Reconsider Parts of "Order on Plaintiff's Verified Fourth and Fifth Motions to Compel Discovery."* [Dkt. 112.] On January 17, 2019, the Court issued its Order [Dkt. 104] on two motions: 1) Plaintiff's *Verified Fourth Motion to Compel Discovery* [Dkt. 87] and 2) Plaintiff's *Verified Fifth Motion to Compel Discovery* [Dkt. 93], granting in part and denying in part Plaintiff's motions. For the reasons set forth below, the Court now **DENIES** Plaintiff's *Motion to Reconsider*.

**I. Background**

In this action, Plaintiff, a prisoner incarcerated at New Castle Correctional Facility, brings excessive use of force claims against correctional officer Defendants that he asserts occurred while he was housed at Wabash Valley Correctional Facility [Dkt. 5 at 1.] Plaintiff

1

alleges that on June 2, 2016 Defendants dragged him to F cell house and carried him down the stairs out of the view of cameras. [Dkt. 5 at 2.] While Plaintiff was handcuffed, he contends Defendants body slammed, jumped on, and began beating him. [Dkt. 5 at 2.] In relevant part of Plaintiff's *Verified Fourth and Fifth Motions to Compel*, the Court granted the following discovery requests in its January 17, 2019 Order:

> 1). Plaintiff's *Verified Fourth Motion* is **GRANTED IN PART** as to **Plaintiff's Interrogatory No. 11 to the limited extent** that the Court directs Defendants to identify what inmate grievances, if any, were filed against them complaining of the use of physical force and detailing the alleged nature of that force between June 2, 2014 and June 2, 2017. Confidential or sensitive security information may be redacted. Contemporaneous with the production of these responses to Plaintiff, Defendants are ordered to provide copies of both the redacted and the unredacted grievance records in an *ex-parte* filing for *in camera* review.
>
> 2). The Court **GRANTS IN PART Plaintiff's Request for Production No. 2 to the limited extent** that the Court directs Defendants to produce any use of force reports they participated in creating in response to an inmate grievance or where medical care was provided to an inmate as a result of the interaction between June 2, 2014 and June 2, 2017. Confidential or sensitive security information may be redacted. Contemporaneous with the production of these redacted documents to Plaintiff, Defendants are ordered to provide copies of both the redacted and unredacted use of force reports in an *ex-parte* filing for *in camera* review.

[*See* Dkt. 104.]

Plaintiff timely filed his *Verified Motion to Reconsider* on February 7, 2019, urging the Court to reconsider the limitations placed upon 1). Plaintiff's Interrogatory No. 11 involving inmate grievances filed for use of physical force between June 2, 2014 and June 2, 2017 and 2). Plaintiff's Request for Production No. 2 involving use of force reports Defendants developed in response to the aforementioned inmate grievances or inmates provided medical care as a result of physical force incidents within the same three-year period. [Dkt. 112 at 1.]

## II. Legal Standard

Motions to reconsider serve a limited function, to be used, "where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d at 324. A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

This is a difficult standard to meet: "Motions to reconsider are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009) (citation omitted). It is accordingly "inappropriate to argue matters that could have been raised in prior motions" or to "rehash previously rejected arguments[.]" *United States v. Zabka*, No. 1:10-CV-1078, 2013 WL 9564253, at *2 (C.D.Ill. Aug. 19, 2013); *accord, e.g., Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1267, 1270 (7th Cir. 1996) ("Again we emphasize, apart from manifest errors of law, reconsideration is not for rehashing previously rejected arguments."); *id.* ("[A] motion to reconsider is not the appropriate vehicle to introduce new legal theories[.]"). This Court ultimately has "broad discretion" in deciding whether to grant a motion for reconsideration, *Solis*, 557 F.3d at 780, and for the

3

reasons that follow, the Magistrate Judge exercises that discretion to **DENY** Plaintiff's motion.

### III. Discussion

**A. Inmate Grievances & Use of Force: Three Year Limitation**

Plaintiff's motion moves the Court to reconsider its three-year time period limitation for Defendants' responses to Plaintiff's Interrogatory No. 11 and Request for Production No. 2, disclosing inmate grievances concerning physical force and use of force reports stemming from such grievances or inmate medical care responding to physical force incidents between June 2, 2014 and June 2, 2017. [Dkt. 112 at 2.] Plaintiff asserted "the three year period adopted by the Court . . . has a very limited relevance to most Defendants, and will not help Plaintiff at all for Defendant Brannick." [Dkt. 112 at 2.] In this motion, Plaintiff claimed his alleged incident of excessive force, the very incident in the matter at hand, occurred on June 2, 2014; thus, any incidents of force involving Defendants would be "subsequent" to Plaintiff's incident. [Dkt. 112 at 2.] In the case of Defendant Brannick, Plaintiff asserted this officer no longer worked for Wabash Correctional Facility after 2014 and according to Plaintiff, Defendant Brannick was a "main" participant in his excessive force claim. [Dkt. 112 and 2.] Ultimately, Plaintiff seeks the Court to reconsider the current three-year timespan by amending it to the interval between June 2, 2011 and June 2, 2014. [Dkt. 112 at 2.]

Plaintiff's own filed *Complaint* alleged the incident occurred on June 2, 2016. [Dkt. 1 at 6-7.] Plaintiff's Request for Production of Documents additionally mentioned June 2, 2016 through request of "[a]ll emails and written communications the Office of Investigation and DHU Unit Team staff sent to defendants . . . concerning the Plaintiff[,]"seeking discovery of the video footage of the cell house reassignment, and Plaintiff's Request for Admissions surrounding the cell escort circumstances [Dkt. 81-1 at 1; Dkt. 87 at 1; Dkt. 93-1 at 1.] Plaintiff submitted

4

requests for the preservation of the cell escort video footage and clearly documented the date of the incident as June 2, 2016. [Dkt. 99 at 2.]

The Court weighed Plaintiff's Propounded Interrogatory No. 11 request, which originally sought all incidents of physical force Defendants used; the Court limited the scope of the discovery request to three years. [Dkt. 104 at 11-12.] Likewise, the Court weighed Plaintiff's Request for Production No. 2, which originally sought all use of force reports for the last eight years; the Court limited the scope of the discovery to those reports made in response to an inmate grievance or inmate provided medical care as a result of an interaction involving force over the three year period. [Dkt. 104 at 15-16.] The Court found the timeline between June 2, 2014 and June 2, 2017 to provide a sufficient opportunity for the Plaintiff to sample *pre* and *post* grievances raised concerning physical force and their related use of force reports as compared to the date of Plaintiff's alleged incident. The Court finds no justification to shift its three-year time period when Plaintiff's pleadings, discovery requests, discovery motions, spoliation motion, and exhibits identify June 2, 2016 as the date of his excessive force claim.

Therefore, the *Motion to Reconsider* the Court's ruling with regard to the limited timeframe set for discoverable information concerning Plaintiff's Interrogatory No. 11 and Request for Production No. 2 is **DENIED**.

**B. Other Inmate Grievances & Use of Force Reports Limitations**

Plaintiff's motion argued that discovery of information about "Defendants' other/prior uses of force should not depend on whether the other prisoners filed a grievance or sought medical attention." [Dkt. 112 at 2.] Plaintiff contended that some prisoners may not file grievances out of fear of retaliation. [Dkt. 112 at 2.] Plaintiff acknowledged that the Court narrowed Plaintiff's discovery requests due to the fact that "use of force" may concern "any

5

'physical handling[.]'" [Dkt. 112 at 2.] However, Plaintiff believed there were other ways to limit discovery requests that would be conducive to allowing the Plaintiff the relevant information he needs for his excessive force claim such as limiting Interrogatory No. 11 and Request for Production to:

> all offender escourts [sic] where the offender needed to be handcuffed and escourted [sic], after a radio/telephone/verbal call for additional correctional staff occurred; all cell extractions; all uses of force after or in response to offender-on-offender and/or offender-on-prison official violence, or threat of violence, or threat of violence; and, all uses of force after or in response to a prisoner resisting a prison officials physical handling.

Plaintiff's Interrogatory No. 11 sought information surrounding Defendants' incidents of use of physical force "on other offenders other than Plaintiff [and] . . . the circumstances of those incidents[.]" [Dkt. 104 at 9.] Plaintiff's Request for Production No. 2 sought "The Use of Force Reports the defendants completed over the last eight (8) years for all uses of force the defendants were part of." The Court finds the terms of its limited scope of these discovery requests do serve the Plaintiff's purposes in examining other/prior uses of force. Plaintiff had ample time during the discovery period to draft requests in the manner he suggested within his *Motion to Reconsider*. Plaintiff has not asserted any compelling reasons to persuade the Court to alter its previous limitations of his discovery requests.

"As the Seventh Circuit has emphasized time and again, the district court has wide discretion with respect to discovery matters, including the settling of discovery disputes, determining the scope of discovery, and otherwise controlling the manner of discovery." *United States ex rel. Conroy, Select Medical Corp.*, 307 F.Supp.3d 896, 901 (S.D. Ind. 2018); *Brown-Bey v. U.S.*, 720 F.2d 467, 471 (7th Cir. 1983) ("A trial court's limitation on the manner and course of discovery will be reversed by this Court only upon a showing that the limitation 'is improvident and prejudices a party's substantial rights.'"). Therefore, the *Motion to Reconsider*

the Court's ruling with regard to compelling Defendants to provide other inmate grievances due to use of force or inmates provided medical treatment as a result of use of force, on Plaintiff's Interrogatory No. 11 and Request for Production No., 2 is **DENIED**.

C. <u>**Redaction of Confidential Information**</u>

Pursuant to the Court's January 17, 2019 Order, Defendants must produce clear and unequivocal responses to Plaintiff's Interrogatory No. 11 and Request for Production No. 2. [Dkt. 104 at 12, 15-16.] For each of these requests the Court's Order instructed Defendants that they may redact "[c]onfidential or sensitive security information . . . . [and] are ordered to provide copies of both the redacted and the unredacted grievance records [and] use of force reports in an *ex-parte* filing for *in camera* review." [Dkt. 104 at 12, 16.] Plaintiff's motion argued Defendants have "consistently with[held] relevant discoverable material" and may "omit other offenders' names, Indiana Dept. of Correction numbers and locations." [Dkt. 112 at 3.] Plaintiff argued this is the type of information that is "necessary" to develop a witness list for trial. [Dkt. 112 at 3.] Defendants' *Reply* maintained that "[s]ensitive information should not have to be released to a prisoner." [Dkt. 120 at 2.]

"An *in camera* inspection may properly be used to decide whether a party's claim of litigative needs outweighs the government's interest in confidentiality." *United States v. Board of Educ. of City of Chi.*, 610 F. Supp. 695, 699 (N.D. Ill. 1985). The purpose of the *in camera* review is to allow the Court to examine the identified inmate grievances surrounding physical force and the related use of force reports, both their "redacted" and "unredacted" versions, to determine what "unredacted" access should be granted. Therefore, Plaintiff's *Motion to Reconsider* concerning Plaintiff's objection to Defendants' redaction of confidential information pertaining to Interrogatory No. 11 and Request for Production No. 2 is **DENIED**.

**D. Language Limitation of Plaintiff's Interrogatory No. 11**

Plaintiff's motion raised concern over the Court's limitation to Interrogatory No. 11; in particular, Plaintiff stated this narrowed scope "would allow Defendants to merely identify grievance numbers, but withhold any information about the incidents of force or the details about the grievances." [Dkt. 112 at 3.] The Court reiterates from its January 17, 2019 Order, "the Court directs Defendants to **identify what inmate grievances**, if any were filed against them complaining of the use of physical force and **detailing the alleged nature of that force** between June 2, 2014 and June 2, 2017." [Dkt. 104 at 12] (emphasis added). Additionally, the Court ordered Defendants to contemporaneously with production of these answers to Plaintiff "provide copies of both the redacted and the unredacted grievance records in an *ex-parte* filing for *in camera review*." [Dkt. 104 at 12.] As previously discussed, the Court's *in camera* review is to determine what "unredacted" access should be granted.

The Court finds Plaintiff's concern about Defendants merely being able to list grievance numbers is unwarranted given the Court's specific language requiring both identification and details of said inmate grievances. Further, Plaintiff's Interrogatory No. 11, while a separate discovery tool, in effect will be supplemented by Plaintiff's Request for Production No. 2, requiring disclosure of use of force reports developed in response to an inmate grievance or medical care provided to an inmate as a result of use of force to assist Plaintiff in attaining discoverable information for his claim. Therefore, Plaintiff's *Motion to Reconsider* concerning Plaintiff's objection to the Court's limitation of Interrogatory No. 11 is **DENIED**.

## IV. Conclusion

For the foregoing reasons, Plaintiff's *Verified Motion to Reconsider* is **DENIED.**

SO ORDERED.

Dated: 28 FEB 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES F. GRIFFITH
117892
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov