UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00194-TWP-MJD |
| | ) | |
| F. BRANNICK, C/O, | ) | |
| D. HASKINS, | ) | |
| YARBER, Lt., | ) | |
| DEVINE, Sgt., | ) | |
| E. DRADA, Sgt., | ) | |
| N. LYDAY, Sgt., | ) | |
| and PHILLIPS, Sgt.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE*,
OBJECTION TO PLAINTIFF'S PROPOSED *VOIR DIRE*,
AND DENYING OBJECTION TO PLAINTIFF'S EXHIBIT LIST**

This matter is before the Court on the Defendants' Motion *in Limine*, (Dkt. 175), Defendants' Objection to Plaintiff's Proposed Voir Dire (Dkt. 187), and Defendants' Objection to Plaintiff's Exhibit List, (Dkt. 188). This case is scheduled for a trial by jury to begin on March 2, 2020. In anticipation of trial, the Defendants have moved the Court to rule on various evidentiary issues. For the following reasons, Defendants' January 22, 2020, Motion *in Limine*, (Dkt. 175), is **granted in part and denied in part** and some objections are overruled while some are sustained.

**1.  Motion *in Limine***

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in limine only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400

---

[1] The docket in this case reflects the names of defendants as filed in the Complaint. Following discovery, the proper names of the defendants has likely been determined. By no later than February 14, 2020, recruited counsel is requested to file a Motion to correct the docket so that it reflects the correct names of the Defendants.

(N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401. Under this legal standard, the Court grants or denies the Defendants' Motion as follows.

a. The motion *in limine* regarding evidence or reference to employee disciplinary actions of the Defendants, or any current or former employee of the Indiana Department of Correction ("IDOC"), is **granted**. This testimony shall not be made before the jury. (Fed. R. Evid. 404(b).)

b. The motion *in limine* regarding evidence or reference to the Plaintiff's claims in this action that were dismissed at screening is **granted**. This ruling does not prevent the parties from presenting testimony or evidence of the events giving rise to this action, including the Plaintiff's fear of being moved to a different housing assignment. (Fed. R. Evid. 401, 403.)

c. The motion *in limine* regarding evidence of other lawsuits and claims involving the Defendants, the IDOC, or the State Indiana, is **denied**. In some situations, this evidence could be relevant to the issues at trial. This determination is fact-specific, and the Court has insufficient information at this time to assess the admissibility of such evidence. Therefore the Defendants' motion *in limine* as to other lawsuits and claims is denied. However, timely objections made at trial will be evaluated in context of the evidence presented at trial and could be excluded if warranted.

d. The motion *in limine* to exclude evidence of IDOC policies and procedures is **denied**, because just as in the foregoing discussion of lawsuits and claims, this evidence might in some circumstances be relevant. However, if such evidence is admissible, a limiting instruction

may be necessary to advise the jury that a violation of IDOC policies and procedures does not, by itself, allow liability under 42 U.S.C. § 1983. *See Robbins v. Pollard*, 734 F. App'x 366, 368 (7th Cir. 2018); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) (per curiam) (citing *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004).)

  e. The motion *in limine* regarding evidence of settlement offers or negotiations is **granted,** and this evidence shall not be mentioned in front of the jury by any party. (Fed. R. Evid. 408.)

  f. The motion *in limine* regarding evidence that any or all Defendants could be indemnified is **granted** and shall not be mentioned by any party.

  g. The motion *in limine* to exclude any mention that the Defendants' attorneys are employed by the State of Indiana is **denied**. This inquiry is relevant during jury selection to ensure a panel of fair and impartial jurors is selected.

  h. The motion *in limine* regarding asking the jurors to put themselves into the position (or shoes) of the Defendants is **granted**. However, this subject is also very fact-specific and some general argument to this point could be admissible. Counsel should make timely objections at trial to any such argument that appears improper.

  i. The Defendants' motion to exclude any suggestion that the Defendants or their employers were responsible for the spoliation of evidence, specifically video surveillance recordings, is **granted** insofar as no suggestion shall be made before the jury that this evidence was disposed of intentionally or in bad faith. However, the Court has previously found that the Defendants had a duty to preserve the video evidence. (*See* Dkt. 133, p. 13) (citing *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 681, 681-82 (7th Cir. 2008)). The Magistrate Judge found that the Plaintiff did not show that the spoliation of the video evidence was in bad faith. (Dkt. 133, p. 14.) The Court will, however, allow evidence that video evidence of a portion of the incident

3

existed, that the Defendants had a duty to preserve it, but they did not. No adverse-inference instruction will be given, *see Lewis v. McLean*, 941 F.3d 886, 892 (7th Cir. 2019) (holding that a showing of bad faith is required for an adverse-inference instruction), and the parties shall not argue for or against liability on the basis of spoliation of evidence.

j. The Court agrees with the Plaintiff that his transfer to other housing was not a subsequent remedial measure. The Defendants' motion *in limine* on this topic is **denied**.

Rulings on motions *in limine* are not final appealable orders. If a party believes that evidence preliminarily deemed inadmissible or inadmissible should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

**2.     Objection to Proposed *Voir Dire* Questions**

The Defendants' objection to the Plaintiff's proposed *voir dire* questions concerning whether a prospective juror believes a prisoner has a right to be safe from violence, other prisoners, and correctional officers, (Dkt. 187), is **overruled**. The objection is **sustained** as to questioning about negligence or carelessness because that is not the standard employed in a case under 42 U.S.C. § 1983.

**3.     Objection to Plaintiff's Exhibit Lists**

The Defendants object to only three exhibits listed on the Plaintiff's final exhibit list. (*See* Dkt. 190 at 2, ¶¶ 19-21.) Those three exhibits are IDOC policies on the use of force continuum scale, the use of physical force, and the use of restraint equipment with adult offenders, respectively. The Defendants correctly argue that violations of state policies cannot give rise to § 1983 claims. (Dkt. 188.) However, in conformance with the Court's ruling on the motion *in limine* concerning these policies, the objection is **overruled**. *See* Section 1(d), *supra*. The Court will make an admissibility ruling on these exhibits at the time the Plaintiff wishes to present evidence concerning them, in light of all of the other evidence admitted at trial.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion *in Limine* (Dkt. [175]) is **GRANTED in part and DENIED in part**. Regarding evidence or reference to employee disciplinary actions of the Defendants, or any current or former employee of the IDOC, the motion is **granted**. Regarding evidence or reference to the Plaintiff's claims in this action that were dismissed at screening the motion is **granted**. The motion is **denied** regarding evidence of other lawsuits and claims involving the Defendants, the IDOC, or the State Indiana. The motion to exclude evidence of IDOC policies and procedures is **denied**. The motion regarding evidence of settlement offers or negotiations is **granted.** The motion regarding evidence that any or all Defendants could be indemnified is **granted.** The motion to exclude any mention that the Defendants' attorneys are employed by the State of Indiana is **denied**. The motion regarding asking the jurors to put themselves into the position of the Defendants is **granted**. The motion to exclude any suggestion that the Defendants or their employers were responsible for the spoliation of evidence is **granted** insofar as no suggestion shall be made before the jury that this evidence was disposed of intentionally or in bad faith. And, finally, the Court agrees with the Plaintiff that his transfer to other housing was not a subsequent remedial measure. The Defendants' motion *in limine* on this topic is **denied.**

Defendants' Objection to Plaintiff's Proposed *Voir Dire* Questions (Dkt. [187]) is **OVERRULED** as to questions concerning whether a prospective juror believes a prisoner has a right to be safe from violence, other prisoners, and correctional officers and **SUSTAINED** as to questioning about negligence or carelessness.

Defendants' Objection to Plaintiff's Exhibit List (Dkt. [188]) is **OVERRULED.**

**SO ORDERED**.

Date: 2/5/2020

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

James F. Griffith, #117892
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Bryan Findley
Indiana Attorney General
bryan.findley@atg.in.gov

Joshua Robert Lowry
Indiana Attorney General
joshua.lowry@atg.in.gov

Tracy Nicole Betz
Taft Stettinius & Hollister LLP (Indianapolis)
tbetz@taftlaw.com

Tristan Carl Fretwell
Taft Stettinius & Hollister LLP
tfretwell@taftlaw.com